**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**KAREN CARLA SENA,**

      **Plaintiff,**

**v.**                                                                                                          **No. 21-cv-1010 JHR**

**MARTIN O'MALLEY,**
**Commissioner of Social Security,**

      **Defendant.**

<u>**ORDER GRANTING ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(B)**</u>

This matter comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum [Doc. 24], filed February 26, 2024. The Commissioner takes no position on the motion *Id.* at 2. Having reviewed the briefing and relevant law, the Court GRANTS Plaintiff's Motion.

Plaintiff filed an action in this Court seeking judicial review of the Commissioner's denial of her application for Social Security disability benefits on October 19, 2021. [Doc. 1]. The Court granted Defendant's Unopposed Motion to Remand, found Plaintiff's Motion to Remand moot, and entered judgment. [Docs. 19, 20, 21]. The Court then granted Plaintiff's Unopposed Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act ("EAJA"), awarding fees in the amount of $6,426.40. [Doc. 23]. The Administration, however, withheld twenty- five percent of the past-due benefits, or $31,904.73, to pay for attorney fees pursuant to the retainer agreement. [Doc. 24, at 2]. Counsel now seeks authorization for an award of attorney fees in an amount significantly less than that withheld ($16,140). *Id.*

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent (25%) of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* The court may award fees under Section 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006).

Although Section 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than twenty-five percent (25%) of the past-due benefits because there is no presumption that twenty-five percent (25%) is reasonable. *Id.* at 807 n. 17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807. The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount

2

of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

The Court finds that attorney Laura Johnson's representation of Plaintiff was more than adequate, demonstrated by the resulting fully favorable decision. Counsel did not delay the proceedings before this Court. The instant Motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fees are below the twenty-five percent (25%) permitted by the retainer agreement and proportionate given the amount of time (26.9 hours) spent on the case. The requested attorney fees would therefore align with other fee awards authorized in this District under 406(b). *See* [Doc. 24, at 6] (collecting cases awarding similar fees in this District). Having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for attorney fees under Section 406(b) [Doc. 24] is **granted**. The Court hereby authorizes $16,140 in attorney fees for legal services rendered in this United States District Court, to be paid by the Social Security Administration. Counsel will then reimburse Plaintiff the EAJA fee award of $6,426.40.

JERRY H. RITTER
U.S. MAGISTRATE JUDGE